**Donald ZUBROD and W. J. Browning, as Receivers of the STEAMSHIP AVRA, Libellants,**

**v.**

**ASSOCIATED METALS & MINERALS TRADE CO., Inc., and Associated Metals and Minerals Corporation, Respondents.**

**No. 355 of 1964.**

United States District Court
E. D. Pennsylvania.

June 29, 1965.

Richard W. Palmer, Rawle & Henderson, Philadelphia, Pa., for libellants.

William R. Deasey, Frank C. Bender, Kelly, Deasey & Scanlan, Philadelphia, Pa., Thomas P. Pender, Thomas D. Toy, Hill, Rivkins, Louis & Warburton, New York City, for respondents.

William P. Quinn, Philadelphia, Pa., for garnishee.

GRIM, Senior District Judge.

In this admiralty action, libellants have sued to recover certain money alleged to be due for freight and vessel damage allegedly arising during the term of a charter party between libellants, as receivers of a ship, and the respondents.

Respondents have filed a cross-libel counter claiming that libellants are liable for an alleged shortage of cargo which occurred during the voyage and seeking

a decree that respondents are not liable for the contribution in general average allegedly exacted from them during the voyage. The libel is in personam, but service of process was made by attaching certain pig iron allegedly owned by respondents and found within this judicial district. In order to dissolve the attachment, respondents made use of Supreme Court Admiralty Rule 5, which provides that in a case such as this an attachment may be dissolved when the respondents give a proper bond conditioned "to pay the amount awarded by the final decree of the court to which the process is returnable, or in any appellate court." Such a bond was filed in this court and for the purposes of the litigation the bond was substituted for the pig iron which had been attached.

Along with the cross-libel, respondents have filed a motion requesting that libellants be required to give security to respond in damages with respect to the claims made in the cross-libel. The motion has been filed under Supreme Court Admiralty Rule 50, which provides:

"Whenever a cross-libel is filed upon any counterclaim arising out of the same contract or cause of action for which the original libel was filed, and the respondent or claimant in the original suit shall have given security to respond in damages, the respondent in the cross-libel shall give security in the usual amount and form to respond in damages to the claims set forth in said cross-libel, unless the court for cause shown, shall otherwise direct; and all proceedings on the original libel shall be stayed until such security be given unless the court otherwise directs."

 Rule 50 is clear and it would appear that in every admiralty case where the respondents have given security to assure payment of a possible judgment against them, as was done in the present case, the respondents can require security on a cross-libel which they may file to assure that the possible judgment on the cross-libel also will be paid. It is true that in Washington-Southern Nav. Co. v. Baltimore & Philadelphia Steamboat Co., 263 U.S. 629, 44 S.Ct. 220, 68 L.Ed. 480 (1924) the Supreme Court decided that Rule 50 does not require the filing of security by a libellant when the libellant has not attached goods of the respondent as part of his action in personam. Likewise it may well be that no security is required of a libellant on a cross-libel against the libellant when the libellant is a seaman. See Solomon v. Bruchhausen, 305 F.2d 941, 944 (2d Cir. 1962), cert. denied 371 U.S. 951, 83 S.Ct. 506, 9 L.Ed.2d 499 (1963), 28 U.S.C.A. § 1916.

However, neither of these circumstances are present in this case. The present situation is one where the respondents in order to recover property which had been attached filed security to assure payment of the claims against them. This is a clear situation where Rule 50 applies and libellants should be required to give security. See 2 Benedict on Admiralty, § 331.

 The fact that libellants have already posted in the United States District Court for the Eastern District of Virginia a receiver's bond does not compel a contrary result here. Libellants were appointed receivers in a Virginia admiralty action to foreclose a first preferred ship mortgage. They were empowered by the court to operate the ship with the full authority of the owner and subsequently entered into the charter party which gave rise to the claims involved in this case. The operations of ships, even those in receivership, should not be immune from one of the normal incidents of such operations, namely, claims for damage, shortage and loss. Moreover, it is not at all clear that the receiver's bond posted in Virginia would by its terms provide security to respondents here for the damages asserted in the cross-libel. Accordingly, the court considers that a proper exercise of its discretion here calls for the granting of respondents' motion for security.

Motion granted.